2120 - Served    2220 - Not Served
2121 - Alias Served    2221 - Alias Not Served    2621 - Alias Sec. of State

**Summons** (This form replaces CCM 0646, CCM1 0646, CCM1 0651, CCMD 0648, and CCMD 0649-2 thru 6)    (10/06/09) CCM N649

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### First MUNICIPAL DISTRICT

**Name All Parties**

Darryl Dunbar
_____ **Plaintiff(s)**
v.

Midwest Enviromental Service Group, Inc., and Chicago Public Schools (CPS)
_____ **Defendant(s)**

Ron Huberman 125 S. Clark St. 5th fl. Chicago, IL. 60603
_____ **Address of Defendant(s)**

Case No. 10 M1 011657

Amount Claimed: $ 100,000.00 + Cost

Appearance Filing/Return Date: 08/20/10

Status Date: _____

Trial Date: _____

Time: _____ Room: _____

Please serve as follows: ☐ Certified Mail  ☐ Sheriff Service  ☑ Alias  (Plaintiff check one)

### SUMMONS

**To each Defendant:**

**YOU ARE SUMMONED and required:**

1. To file your written appearance by yourself or your attorney and pay the required fee in:

☑ District 1: Richard J. Daley Center; 50 West Washington, Room 602; Chicago, IL 60602
☐ District 2: 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077    ☐ District 5: 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
☐ District 4: 1500 Maybrook Dr., Rm 236; Maywood, IL 60153

on _____, _____, between the hours of 8:30 a.m. and 2:30 p.m.;

☐ District 3: 2121 Euclid, Rm 121; Rolling Meadows, IL 60008    ☐ District 6: 16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60428
on _____, _____, before 9:00 a.m.

2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 3 days before the day for appearance.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

Atty. No.: 91069
Name: Pomper & Goodman
Atty. for: Plaintiff
Address: 111 W. Washington
City/State/Zip: chicago, IL. 60602
Telephone: 312-236-2977

WITNESS, _____

**DOROTHY BROWN** JUL 14 2010

DOROTHY BROWN, Circuit Court Clerk

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

SEE REVERSE SIDE

** Service by Facsimile Transmission will be accepted at: _____
(Area Code)    (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
ORIGINAL COURT FILE

**EXHIBIT A**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | |
|---|---|
| DARRYL DUNBAR, ) | |
| ) | |
| Plaintiff, ) | No. 10 MI 011657 |
| ) | |
| vs. ) | |
| ) | Amount Claimed: $100,000 plus costs |
| MIDWEST ENVIRONMENTAL ) | |
| SERVICE GROUP, INC, and ) | |
| CHICAGO PUBLIC SCHOOLS, ) | |
| ) | |
| Defendants. ) | |

### FIRST AMENDED COMPLAINT AT LAW

The plaintiff Darryl Dunbar, by his attorneys Pomper & Goodman, alleges as follows:

1. Plaintiff Darryl Dunbar (Mr. Dunbar) is employed by defendant Midwest Environmental Service Group, Inc. (Midwest) as a janitor, and has been employed by Midwest in that capacity since 1999.

2. Mr. Dunbar is a full member of the SEIU Local 1 union.

3. At all relevant times herein, Midwest furnished janitorial services to Chicago Public Schools (CPS), and furnished Mr. Dunbar to CPS as a janitor for the CPS school Montefiore Special School (Montefiore), located at 1310 South Ashland Avenue, Chicago, IL 60608.

4. Between 2005 and 2007, Mr. Dunbar was assigned as a janitor to the CPS school Henson Elementary School (Henson).

5. While at Henson, Mr. Dunbar suffered a serious work injury that caused Mr. Dunbar to undergo lumbar discectomy surgery.

1

6. Mr. Dunbar was on a medical leave of absence from Henson for 11 months.

7. When Mr. Dunbar returned to Henson from his medical leave, he asked to be transferred to Montefiore.

8. Mr. Dunbar was assigned to Montefiore in the fall of 2007 and worked the 8:30 a.m. – 5:00 p.m. shift as a janitor.

9. While at Montefiore, Mr. Dunbar suffered another serious work injury which required shoulder surgery.

10. Mr. Dunbar was on a medical leave of absence from Montefiore for the shoulder injury from August of 2008 to April of 2009.

11. When Mr. Dunbar was released to return to work, Midwest informed him he was not returning to Montefiore, and that he was being sent to Crane High School (Crane).

12. Mr. Dunbar's Montefiore work record was clean.

13. In spite of nearly ten years' seniority, Mr. Dunbar was given two undesirable shifts of 1 p.m. – 9:30 p.m. and 3 p.m. – 11:30 p.m. at Crane.

14. Upon information and belief, Montefiore's principal Mary Ann Pollett, and/or other CPS staff, requested from Midwest's president Greg Heath that Midwest not return Mr. Dunbar to Montefiore.

15. Upon information and belief, Ms. Pollett's reason was that due to Mr. Dunbar's past medical history it was not felt that he could perform his duties due to physical danger to Mr. Dunbar deriving from confrontations between Montefiore students and Montefiore staff.

2

16. Upon information and belief, Mr. Heath and Midwest general manager Anthony Davis stated to Mr. Dunbar's union representative that Mr. Dunbar was not welcomed back to Montefiore because of Mr. Dunbar's absenteeism and for that reason Montefiore preferred not to have Mr. Dunbar return to Montefiore.

17. Midwest complied with CPS's request and did not return Mr. Dunbar to Montefiore, but sent him to Crane.

18. Mr. Dunbar filed a union grievance which was successful, but he was not returned to Montefiore until December 28, 2009.

## COUNT 1

19. Mr. Dunbar filed an employment discrimination charge against Midwest with the Chicago District Office of the Equal Employment Opportunity Commission (EEOC) in 2009 under Charge No. 440-2009-07157. Mr. Dunbar received a Dismissal and Notice of Rights letter from the EEOC dated December 11, 2009, entitling him to institute a civil action within 90 days of the date of Mr. Dunbar's receipt of the letter.

20. Midwest's actions violated Mr. Dunbar's rights under the Americans with Disabilities Act by discriminating against Mr. Dunbar on the basis of his disabilities.

21. Mr. Dunbar suffered distress, embarrassment, and emotional harm from Midwest's actions.

## COUNT 2

22. Mr. Dunbar filed an employment discrimination charge against Chicago Public Schools with the Chicago District Office of the Equal Employment Opportunity

Commission (EEOC) in 2010 under Charge No. 440-2010-02762. Mr. Dunbar received a Dismissal and Notice of Rights letter from the EEOC dated April 2, 2010 (see attached), entitling him to institute a civil action within 90 days of the date of Mr. Dunbar's receipt of the letter.

23. Chicago Public Schools' actions violated Mr. Dunbar's rights under the Americans with Disabilities Act by discriminating against Mr. Dunbar on the basis of his disabilities.

24. Mr. Dunbar suffered distress, embarrassment, and emotional harm from Chicago Public School's actions.

WHEREFORE, Mr. Dunbar demands judgment for damages against Midwest, including attorney fees and such additional amounts as the jury and Court shall deem proper.

_____
Kristian Erik Soholm

Pomper & Goodman
No. 91069
111 W. Washington St. #1000
Chicago, Il 60602
(312) 236-2977

4

EEOC Form 161 (2/08)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Darryl Dunbar
1800 S. Central Park, Unit #7
Chicago, IL 60623

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

CERTIFIED MAIL 7001 0320 0005 8565 6240     CP

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2009-07157 | Eva Baran, Investigator | (312) 353-7303 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____      12-11-09
John P. Rowe,      *(Date Mailed)*
District Director

Enclosures(s)

cc: MIDWEST ENVIRONMENTAL SERVICES



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5066 3803

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

April 2, 2010

Mr. Darryl Dunbar
1800 S. Central Park
Chicago, IL 60623

Re: EEOC Charge Against Chicago Public Schools, et al.
No. 440201002762

Dear Mr. Dunbar:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Thomas E. Perez
Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Chicago District Office, EEOC
Chicago Public Schools, et al.